**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

MAURY ROSENBERG,                            Case No: 09-13196-BKC-AJC

                                                                      Involuntary Chapter 7 Case

    Alleged Debtor.
_____/

MAURY ROSENBERG,                           Adv. No. 10-03812-BKC-AJC

    Plaintiff,
v.                                                                 **Related Case:**
                                                                   **Case No. 12-CV-21393-SEITZ**

DVI RECEIVABLES XIV, LLC, et al.,

    Defendants.
_____/

**MOTION FOR WITHDRAWAL OF REFERENCE**
**FOR JURY TRIAL AND NOTICE OF RELATED DISTRICT COURT CASE**

      Defendants U.S. Bank, N.A. ("USB"), Jane Fox, DVI Receivables XIV, LLC, DVI Receivables XVI, DVI Receivables XVII, LLC, DVI Receivables XVIII, LLC, DVI Receivables XIX, LLC, and DVI Funding, LLC ("Defendants"), by undersigned counsel, pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), S.D. Fla. L.R. 87.3, and Local Bankruptcy Rule 5011-1, file this motion to withdraw the reference of this adversary proceeding for jury trial in the United States District Court for the Southern District of Florida (the "District Court").

      Pursuant to S.D. Fla. Local Rules 3.8, 7.1(f) and 87.3, and the District Court's Order dated May 9, 2012 (Exhibit A hereto), Defendants provide notice that this motion is related to Case No. 12-CV-21393-SEITZ.

1

## **INTRODUCTION**

This case is currently set for trial on July 5-6 before the Honorable A. Jay Cristol. On March 12, 2012, Plaintiff, Maury Rosenberg, filed a Demand for Jury Trial [Doc. No. 152]. *See* Exhibit B hereto. Defendants agree that Plaintiff's claims are triable by jury and do not consent to a jury trial in the Bankruptcy Court.[1]

Defendants USB and Fox previously filed a motion to withdraw reference relying solely on *Stern v. Marshall*, 131 S. Ct. 2594 (2011). The District Court (Judge Seitz) denied this motion without prejudice to considering other grounds for withdrawal of reference. *See* Exhibit A hereto. Defendants now seek withdrawal of reference based on Plaintiff's demand for jury trial.[2]

Defendants have a Constitutional right to a jury trial because Plaintiff's claims are similar to claims that existed at common law and for which jury trial was available. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). A demand for jury trial is "cause" under 28 U.S.C. § 157(d) for withdrawal of the reference.

---

[1] The Bankruptcy Court is not authorized to conduct a jury trial without the consent of all parties. *See* 28 U.S.C. § 157(e). The deadline, under Local Bankruptcy Rule 9015-1(B), to consent to a jury trial in the Bankruptcy Court has passed. No party has filed a statement of consent.

[2] The Bankruptcy Court has entered a Pre-Trial Order [Doc. No. 3] and an Order Setting Trial and Pre-Trial Conference [Doc. No. 80]. The Pre-Trial Order provides that a motion to withdraw reference may be filed up to 10 days before the Pre-Trial Conference. The Pre-Trial Conference is currently scheduled for June 18, 2012.

## **DISCUSSION**

In accordance with the Seventh Amendment and controlling case law, Defendants are entitled to a jury trial of Plaintiff's claims.

In *Granfinanciera, S.A.* v. *Nordberg*, 492 U.S. 33 (1989), the Supreme Court held that defendants in adversary proceedings have a Seventh Amendment right to jury trial even when the claim is a statutory claim under the Bankruptcy Code.  The Court explained that the fraudulent transfer claim at issue in *Granfinanciera*, even though brought under the Bankruptcy Code, was subject to jury trial because fraudulent conveyance actions "are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res."  *Id.* at 56 (citation omitted); *see id.* at 55-56 ("A bankruptcy trustee's right to recover a fraudulent conveyance under 11 U.S.C. § 548(a)(2) seems to us more accurately characterized as a private rather than a public right as we have used those terms in our Article III decisions.") (citing *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982)).  *See also Growers Packing Co. v. Cmty. Bank of Homestead*, 134 B.R. 438, 440 (S.D. Fla. 1991).

The claims asserted by Plaintiff in this case are indisputably legal in nature because Plaintiff seeks monetary damages.  Plaintiff is not seeking an injunction or other equitable relief. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) ("We have recognized the 'general rule' that monetary relief is legal.").  Further, this Adversary Proceeding does not pertain to or involve "the restructuring of debtor-creditor relations" and does not seek to adjudicate proofs of claim filed by creditors.  *See Granfinanciera*, 492 U.S. at 56.

Rosenberg's Section 303(i) damages claims, alleging the filing of an involuntary bankruptcy petition against him in bad faith, is similar to, if not identical to, a common law cause of action for malicious prosecution.[3]

Section 303(i) claims are closely analogous to common law malicious prosecution claims. *See Miyao v. Kuntz* (*In Re Sweet Transfer & Storage, Inc.*), 896 F.2d 1189, 1191 (9th Cir. 1990) ("the § 303(i) action is analogous to an action for malicious prosecution"); *Glannon v. Carpenter* (*In re Glannon*); 245 B.R. 882, 889 (D. Kan. 2000) ("[T]he court finds that a claim for § 303(i)(2) damages is analogous to the common law claim for malicious prosecution. A comparison of the elements of each show that the claims are nearly identical."); *Sjostedt v. Salmon* (*In re Salmon*), 128 B.R. 313, 315 (Bankr. M.D. Fla. 1991) (in formulating Section 303(i), "Congress clearly created a remedy for malicious prosecution.").

In *Glannon*, *supra*, the district court, relying on *Granfinanciera*, ruled that a former alleged debtor's claim under Section 303(i) for damages for the filing of a bad faith involuntary bankruptcy petition was triable by jury. The facts in *Glannon* closely parallel those presented here. The bankruptcy court dismissed an involuntary petition after a contested hearing. It reserved jurisdiction to consider imposing damages against the petitioning creditors under Section 303(i). The former debtor filed a claim for damages, made a jury demand and filed a

---

[3] Additionally, Plaintiff is relying on state tort law to attempt to broaden the scope of Section 303(i). 11 U.S.C. § 303(i) provides that a bankruptcy court may award damages to a "petitioner" if the debtor is successful in causing the bankruptcy case to be dismissed. In order to attempt to impose liability on USB and Fox, who were not the petitioning creditors, Plaintiff is attempting to rely on state law agency concepts and the doctrine of respondeat superior. In denying Defendants' motion to dismiss the Complaint, the Bankruptcy Court recently ruled that Plaintiff's allegations, relying on these state law concepts, used in conjunction with Section 303(i), state claims upon which relief may be based. Defendants respectfully disagree with the Bankruptcy Court's ruling on this issue. Nevertheless, Plaintiff is relying on both federal and state law. But, even if Plaintiff was not relying on state law, Plaintiff's Section 303(i) statutory claims would be jury triable because they are analogous to state law claims.

motion to transfer the case to the district court for jury trial. The bankruptcy court denied the motion to transfer the case to the district court. It then conducted a bench trial, that lasted 11 days, and ruled in favor of the former debtor but did not award the former debtor all of the damages he sought to recover. The former debtor filed an appeal of the judgment.

On appeal, the district court ruled that the bankruptcy court erred in denying the former debtor his right to a jury trial on the former debtor's claim for the bad faith filing of the involuntary petition. The district court also ruled that the bankruptcy court could not conduct a jury trial and that the reference had to be withdrawn to enable a jury trial to proceed in the district court.

In reversing the bankruptcy court, the district court analyzed whether a claim for damages under Section 303(i) – the exact claim Rosenberg is making here – is a claim that is triable by jury. The district court explained that a claim for damages for the bad faith filing of an involuntary bankruptcy petition is closely analogous to a claim at common law for malicious prosecution. The district court stated:

> Significantly, a claim for malicious prosecution was considered to be an action at law in Eighteenth Century England. *See* 2 William Blackstone, *Commentaries* \*126; 2 Wils. 244, 248 (1764); \*89052 Am. Jur. 2d, Malicious Prosecution § 9, p. 191; *Jackson v. Truth Seeker Co., Inc.*, 884 F. Supp. 370, 374–75 (S.D. Cal. 1994). **Thus, because a § 303(i) claim is analogous to an action which, at common law, was decided by English law courts, the first prong of the *Granfinanciera* test is met.** *Id.* at 889-90 (emphasis added).

Because Plaintiff's claims here are closely analogous to a common law claim for malicious prosecution, Defendants have an absolute right to a jury trial. Courts, including those in this district, consistently hold that a party's right to a jury trial provides sufficient cause to withdraw the reference. *See, e.g., Stein v. Miller*, 158 B.R. 876, 877-80 (S.D. Fla. 1993) (granting motion to withdraw the reference solely because defendant had a right to a jury trial in

5

connection with fraudulent transfer and preference claims); *Torcise v. Cmty. Bank of Homestead*, 131 B.R. 503, 508 (S.D. Fla. 1991) (same); *Growers Packing Co. v. Cmty. Bank of Homestead*, 134 B.R. 438, 441-45 (same). *See also In re Rothstein, Rosenfeldt, Adler, P.A.*, 2012 WL 882497, *5 (S.D. Fla. March 14, 2012) (noting that withdrawal of reference would be granted for jury trial when case was ready for trial); *Stettin v. Centurion Structured Growth LLC*, 2011 WL 7413861, *4 (S.D. Fla. Dec. 19, 2011) (concluding that withdrawal of reference would be granted for purposes of jury trial of fraudulent conveyance claim; requiring bankruptcy court to issue reports and recommendations as to dispositive motions, in light of uncertainties concerning the application of *Stern v. Marshall*).

As noted earlier, the District Court, in resolving USB's and Fox's prior motion to withdraw reference, which was based solely on *Stern v. Marshall*, did not address the issue of whether withdrawal must be granted based on a demand for jury trial. Plaintiff made his demand for jury trial after Defendants Fox and USB filed their motion to withdraw reference. Defendants now seek withdrawal of reference based on their right to have a jury trial conducted by the District Court. This issue is ripe for decision at the present time because this case is specially set for a bench trial in the Bankruptcy Court on July 5-6, 2012.[4]

## **CONCLUSION**

Plaintiff has demanded a jury trial, and Defendants request a jury trial in the District Court. Accordingly, cause exists to withdraw the reference for jury trial.

---

[4] Defendants do not believe that this case can be tried in two days without depriving them of due process. Plaintiff is seeking millions in actual damages as well as punitive damages. Defendants intend to present substantial testimony to show that the involuntary petition was filed in good faith and that Plaintiff has not sustained any actual damages and is not entitled to punitive damages.

6

**WHEREFORE**, it is respectfully requested that the Court grant this motion, take jurisdiction over this Adversary Proceeding for purposes of conducting a jury trial and grant such other and further relief as this Court deems just and proper.

/s/ Peter H. Levitt
Peter H. Levitt
Fla. Bar No. 650978

SHUTTS & BOWEN LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone: 305-358-6300
Telecopier: 305-415-9847
plevitt@shutts.com

Attorneys for Defendants

## Certificate of Compliance

**I hereby certify** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1.

## Certificate of Service

**I hereby certify** that on May 21, 2012 I served a copy of the foregoing by ECF to Carlos E. Sardi, Esq., Genovese Joblove & Battista, P.A., 100 SE 2nd Street, 44th Floor, Miami, Florida 33131 and all others on the ECF service list and by email to Yale Galanter, Esq., Law Offices of Yale Galanter, 3730 N.E. 199 Terr., Aventura, Florida 33180.

/s/ Peter H. Levitt
Peter H. Levitt

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-21393-SEITZ

*10-3812-*

MAURY ROSENBERG,

    Plaintiff,

vs.

DVI RECEIVABLES, XIV, LLC et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR WITHDRAWAL OF REFERENCE AND ADMINISTRATIVELY CLOSING CASE

THIS MATTER is before the Court on Defendants U.S. Bank, N.A. ("USB") and Jane Fox's Motion for Withdrawal of Reference of Adversary Proceeding [DE 1]. Defendants USB and Fox argue that consistent with the United States Supreme Court's decision in *Stern v. Marshall*, 311 S. Ct. 2594 (2011), this Court should withdraw the reference of this matter to the Bankruptcy Court, Case No. 10-3812-BKC-CRISTOL, so that the adversary proceeding may be heard and determined in its entirety by this Court, or, in the alternative to withdraw the reference for trial and for dispositive motions.[1] [DE 1]. In support, Defendants USB and Fox maintain that *Stern* prevents bankruptcy courts from determining Plaintiff's claims under Section 303(i) of the Bankruptcy Code, 11 U.S.C. § 303(i), because these claims are the functional equivalent of the common law claim of malicious prosecution.[2] [DE 1 at 8-9].

---

[1] District courts have original jurisdiction over bankruptcy cases and civil proceedings "arising under" or "'related to'" Title 11 actions (28 U.S.C. §1334), but may refer such actions to the Bankruptcy Court under 28 U.S.C. §157(d). A standing order in this District automatically refers such matters (see Local Rule 87.2) to the Bankruptcy Court.

[2] Defendants USB and Fox also assert in the Motion for Withdrawal of Reference of Adversary Proceeding that *Stern* prevents bankruptcy courts from determining Plaintiff's malicious prosecution and abuse of process claims. [DE 1 at 8-9]. However, on March 23, 2012, the Honorable A. Jay Cristol, U.S. Bankruptcy Judge, dismissed Plaintiff's malicious prosecution and abuse of discretion claims. Case No. 10-3812-BKC-CRISTOL, Docket Entry 165 at 16. As such, the portion of Defendants USB and Fox's instant motion that seeks withdrawal of reference concerning those claims is denied as moot.

1

Plaintiff opposes the Motion and argues that the claims arise under the Bankruptcy Code, relate to an involuntary bankruptcy petition, and that this case should remain in the Bankruptcy Court to conserve resources and because the Bankruptcy Court has significant knowledge and expertise of the underlying involuntary bankruptcy petition as well as the instant adversary proceeding. [DE 2-4 at 1-17].

Having reviewed the parties' papers, and the recent decisions by my two colleagues, I join the decisions of Judge Kenneth Marra and Judge Kathleen M. Williams and conclude that *Stern* does not change the legal landscape as much as Defendant suggests and provides no obstacle to the reference remaining in place. *See Stettin v. Regent Capital Partners (In re: Rothstein, Rosenfeldt, Adler, P.A.)*, No. 0:11-cv-62612, 2012 WL 882497 (S.D. Fla. Mar. 14, 2012)(J., Marra); *see also Stettin v. Regent Capital Partners (In re: Rothstein, Rosenfeldt, Adler, P.A.)*, No. 11-cv-62649 (S.D. Fla. Mar. 16, 2012)(J., Williams). Based on the record before the Court, withdrawing the reference would impede, not assist, judicial efficiency because it would deprive the Court of the experience and legal knowledge of the Bankruptcy Court who knows the facts and parties of this case. Additionally, the Section 303(i) claim(s) arises under the Bankruptcy Code.

Therefore, the reference of this adversary proceeding shall remain with the Bankruptcy Court. To the extent the Bankruptcy Court may not, as a matter of law, dispose of any pretrial matter, the Court refers that matter to the Bankruptcy Court for a Report and Recommendation. Additionally, because Defendants USB and Fox have sought withdrawal of the reference based solely on *Stern*, which the Court will deny, the issue of whether the reference should be withdrawn on any other basis is not ripe. Accordingly, and for the reasons articulated by Judge Marra and Judge Williams, it is

ORDERED THAT:

(1)  Defendants USB and Jane Fox's Motion for Withdrawal of Reference of Adversary Proceeding [DE 1] is DENIED.

(2) The Bankruptcy Court reference is AFFIRMED for all purposes consistent with this Order.

(3) The Clerk of the Court is instructed to CLOSE THIS CASE. When the matter is ready for trial or for review by this Court, any party may open a new case in the District Court and attach a copy of this Order so that this case will be assigned to the undersigned.

DONE and ORDERED in Miami, Florida, this 8th day of May, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re                                                                    Case No. 09-13196-BKC-AJC

MAURY ROSENBERG,                                         Involuntary Chapter 7 (dismissed)

    Alleged Debtor.

_____/

MAURY ROSENBERG,                                        Adv. No. 10-03812-BKC-AJC

    Plaintiff,

v.

DVI RECEIVABLES, XIV, LLC, *et al.*,

    Defendants.

_____/

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, Maury Rosenberg, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 38, Local Rule 9015-1, and applicable law, hereby demands a trial by jury on all issues in this adversary proceeding so triable. *See, e.g., Glannon v. Carpenter, et al. (In re Glannon)*, 245 B.R. 882, 179 A.L.R. Fed. 785 (D. Kan. 2000) (finding that alleged debtor whose involuntary bankruptcy case was dismissed was entitled to jury trial on § 303(i) damages pursuant to Seventh Amendment of the U.S. Constitution); *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352 (Fla. 1994) (disputed issues of fact relating to elements of malicious prosecution claim must be submitted to jury); *S & I Investments v. Payless Flea Mkt., Inc.*, 36 So. 3d 909 (Fla. 4th DCA 2010) (right to jury trial on abuse of process claim).

Respectfully submitted this 12th day of March, 2012.

        GENOVESE JOBLOVE & BATTISTA, P.A.
        *Counsel for Plaintiff*
        100 S.E. 2nd Street, 44th Floor
        Miami, Florida 33131
        Tel.: (305) 349-2300
        Fax: (305) 349-2310

        By: /s/ Carlos E. Sardi
            Carlos E. Sardi, Esq.
            Florida Bar No. 781401
            Email: csardi@gjb-law.com
            Michael A. Friedman, Esq.
            Florida Bar No. 71828
            Email: mfriedman@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 12th day of March, 2012 via CM/ECF or U.S. mail as indicated in the attached service list.

        By:   /s/ Carlos E. Sardi
               Carlos E. Sardi, Esq.

## SERVICE LIST

### VIA CM/ECF

Francis L. Carter on behalf of Mediator Francis Carter
flc@katzbarron.com, lcf@katzbarron.com

Stephen P. Drobny on behalf of Defendant DVI FUNDING, LLC
sdrobny@shutts.com, mvandenbosch@shutts.com

Peter H Levitt on behalf of Defendant DVI FUNDING, LLC
plevitt@shutts-law.com

Carlos E. Sardi on behalf of Plaintiff Maury Rosenberg
csardi@gjb-law.com, gjbecf@gjb-law.com;ekelly@gjb-law.com

### VIA U.S. MAIL

Jeffrey A Blaker on behalf of Defendant ASHLAND FUNDING, LLC
1801 Centrepark Dr E #200
West Palm Beach, FL 33401

Andrew J Marchese on behalf of Defendant FLAMM BOROFF & BACINE, PC
1 E Broward Blvd #500
Fort Lauderdale, FL 33301