UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-22275-SEITZ

MAURY ROSENBERG,

        Plaintiff,

vs.

DVI RECEIVABLES, XIV, LLC *et al.*,

        Defendants.
_____/

## ORDER ON DAMAGES RECOVERABLE UNDER 11 U.S.C. § 303(i)(2)

THIS MATTER is before the Court on a number of issues that the parties have raised since the Court withdrew the reference from the Bankruptcy Court for a jury trial on Plaintiff's claims pursuant to 11 U.S.C. § 303(i)(2).[1] The Court first became aware of these issues, which primarily involve the damages that Plaintiff may recover and whether agency principles apply to this case, at the initial pretrial conference on September 21, 2012. The Court requested that the parties brief these issues, which they have done [DE 33-37, DE 40-46]. This Order addresses the issues involving damages.

---

[1] 11 U.S.C. § 303(i) provides that

If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

    (A) costs; or

    (B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith, for—

    (A) any damages proximately caused by such filing; or

    (B) punitive damages.

1

### A. *Defendants' Motion to Preclude Plaintiff from Recovering Damages on Behalf of Third Parties – GRANTED*

Plaintiff, against whom the involuntary petition was filed, seeks to recover damages not only on his own behalf, but also on behalf of other entities who are not parties to this action. Specifically, Plaintiff seeks to recover damages on behalf of (1) National Medical Imaging, LLC ("NMI"), a company in which he owns a one percent interest; (2) the Douglas Rosenberg 2004 Trust ("the Trust"), of which he is neither a beneficiary nor a trustee; and (3) certain limited partnerships, most of which he owns a one percent interest in. Notably, Plaintiff created these entities to protect his assets and for estate planning purposes [DE 33 at 3], but now seeks to pierce the corporate veil he created in order to recover damages on behalf of these entities. Plaintiff argues, in the alternative, that these entities should be joined as parties to his case pursuant to Fed. R. Civ. P. 19(a). [DE 33].

The Court will grant Defendants' motion to preclude Plaintiff from recovering damages in this case on behalf of the third party entities, and, further, will deny Plaintiff's motion to join them as parties. Plaintiff argues that the third parties entities are either closely held corporations and/or alter egos of himself and, as such, he should be permitted to recover damages that resulted to them as a result of the filing of the involuntary petition against Plaintiff. As such, with respect to NMI and the limited partnerships, Plaintiff is not seeking one percent of the damages to those entities, which would reflect his share of them. Instead, he is pursuing all of the alleged damages to them as a result of the filing of the involuntary petition against Plaintiff. Plaintiff's argument is problematic in a number of ways.

To satisfy Article III's constitutional standing requirements, Plaintiff must show "(1) he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct

of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Saladin v. City of Midgeville*, 812 F.2d 687, 690 (11th Cir. 1987). In addition to the constitutional standing requirements, the federal courts have created a prudential limitation on jurisdiction, namely that "a litigant must assert his own legal rights and interests and not ordinarily rely on the rights and interests of third parties." *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994). In this case, Plaintiff undoubtedly has standing to pursue damages for his own injuries that resulted from the filing of the involuntary petition against him, if the jury finds that the petition was filed in bad faith. However, he may not recover damages on behalf of third party entities. In *Miles v. Okun*, 430 F.3d 1083 (9th Cir. 2005), non-debtor third parties, specifically the alleged debtor's family members, sought to recover damages under 11 U.S.C. § 303(i)(2) for the bad faith filing of an involuntary petition. The Court reviewed the statute's language, its legislative history, and the relevant legal authority and held that non-debtor third parties lack standing to recover damages under 11 U.S.C. § 303(i)(2). *Id.* at 1093-1094; *see also In re: RMAA Real Estate Holdings*, LLC, 2010 WL 5128647, at *6-*7 (Bankr. E.D. Va. Dec. 10, 2010) (holding that standing to assert a claim for damages under 11 U.S.C. § 303(i)(2) is limited to the debtor); *In re: VII Holdings Company*, 362 B.R. 663, 667-668 (Bankr. D. Del. 2007) (holding that non-petitioning creditors cannot recover damages under 11 U.S.C. § 303(i)(2); *In re: Mike Hammer Productions, Inc.*, 294 B.R. 752, 754-55 (9th Cir. BAP 2003)(same)).

Because only debtors have standing to pursue damages under the 11 U.S.C. § 303(i)(2), allowing Plaintiff, as an alleged debtor, to recover damages on behalf of NMI, the Trust, and the limited partnerships, who, at least with respect to this action, are non-debtor third parties, would constitute an end run around the statute. Thus, Plaintiff may only recover for his own injuries.

Relatedly, the Supreme Court, as well as the Eleventh Circuit, have applied standing requirements and the prudential limitation that a litigant must assert his own legal rights and interests and not rely on the rights and interests of third parties to create the "shareholder standing rule." This rule "generally prohibits shareholders from initiating actions to enforce the rights of a corporation unless the corporation's management refused to pursue the same action for reasons other than good-faith business judgment," *Franchise Tax Bd. of California v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1990) (citation omitted), or the shareholder shows that a duty was owed directly and independently to him. *KMS Restaurant Corp. v. Wendy's International, Inc.*, 361 F.3d 1321, 1324 (11th Cir. 2004). Under Florida law, the shareholder standing rule applies to closely held corporations and to those with one shareholder. *Hetrick v. Ideal Image Dev. Corp.*, 372 Fed. Appx. 985, 988-89 (11th Cir. 2010) (*citing Checkers Drive-In Restaurants, Inc. v. Tampa Checkmate Food Services, Inc.*, 805 So.2d 941, 944 (Fla. 2nd DCA 2001) (citation omitted)). Additionally, the shareholder standing rule has been applied to members of LLCs, *see U.S. v. All Funds in Account of Property Futures, Inc.*, 820 F. Supp.yes2d 1305, 1326-28 (Report and Recommendation) *adopted by* 820 F. Supp.2d 1305 (October 4, 2011), and to partnerships. *See Lewis v. Seneff*, 654 F. Supp.2d 1349, 1362 (M.D. Fla. 2009) (*citing Walco Investments, Inc. v. Thenen*, 947 F. Supp.491, 498, n. 4 (S.D. Fla. 1996)).

In line with the shareholder standing rule, Plaintiff is barred from seeking damages for injuries sustained to NMI and the limited partnerships as a result of the filing of the involuntary petition because Plaintiff is attempting to enforce rights and claims that belong to those entities. In fact, NMI has sought leave in the U.S. Bankruptcy Court in the Eastern District of Pennsylvania to file an adversary complaint against the petitioning creditors for the involuntary petition filed against

4

NMI on the same day as the one filed against Plaintiff. *See In re: National Medical Imaging, LLC*, Case No. 08-17351-FEHLING (Bankr. E.D. Pa.) (DE 189 at 12).[2] Thus, NMI can vindicate its rights in Pennsylvania and through that action, Plaintiff can recover one percent of any damage that NMI may have sustained. Moreover, while the limited partnerships do not have standing under 11 U.S.C. § 303(i)(2) to sue Defendants because, to the Court's knowledge, Defendants have not filed an involuntary petition against them, there may be other common law causes of action available to them.

Further, as to the Trust, Plaintiff is neither the beneficiary nor the trustee, [DE 45-1], and, as such, has no injury for any losses sustained by the Trust. Moreover, to the extent that Plaintiff is arguing that the alter ego theory can be employed to pierce the corporate veil between himself and the Trust, he offers no legal authority to support this position nor any evidence that the Trust is his alter ego. The Trust was created to protect the Plaintiff's assets [DE 33 at 3] in trust for his son, Douglas. Plaintiff cannot now, for his convenience, eviscerate its separate legal existence.

Finally, the Court will deny Plaintiff's request to join NMI, the limited partnerships, and the Trust in this action. As discussed above, the limited partnerships and the Trust cannot sue Defendants under 11 U.S.C. § 303(i)(2) because involuntary petitions were not filed against them. There may be other causes of action available to these entities, but allowing joinder on the eve of trial as to separate claims would be inefficient and could involve jurisdictional issues. As to NMI, there is already an action pending in bankruptcy court in Pennsylvania that concerns the involuntary petition filed against NMI. As such, the Court will not join NMI here, particularly given that Plaintiff has not proferred that he has authority to request NMI's joinder in this litigation.

---

[2] The case involving NMI is currently stayed.

### B. *Defendants' Request to Exclude Evidence of Plaintiff's Emotional Distress Damages* – RESERVE RULING

Defendants seek to preclude evidence of Plaintiff's alleged emotional distress damages because Plaintiff failed to disclose these damages in his interrogatories, initial disclosures, and expert's report. Defendants also argue that emotional distress damages are not recoverable under 11 U.S.C. § 303(i)(2). [DE 36]. Plaintiff maintains he can recover emotional damages because his Complaint and interrogatory responses provide sufficient notice of his emotional distress damages, a computation of emotional damages is not required by the discovery rules, and the language of the statutory provision allows for recovery of emotional damages. [DE 40].

Based on the statutory language of 11 U.S.C. § 303(i)(2), specifically that "any damages proximately caused" by the filing of the involuntary petition may be recovered against any petitioner, the Court finds that 11 U.S.C. § 303(i)(2) encompasses emotional damages. The legislative history cited by Defendants is ambiguous and does not compel a contrary conclusion. Indeed, it is not necessary to consult the legislative history because the statutory language of § 11 U.S.C. § 303(i)(2) is sufficiently clear. *See Shockley v. Comm'r of IRS*, 686 F.3d 1228, 1235 (11th Cir. 2012) (holding that where the statutory language is clear, the Court need not go beyond the plain language into legislative history) (citation omitted)). Accordingly, given the broad language of the statute and the lack of authority to the contrary, emotional damages are recoverable under 11 U.S.C. § 303(i)(2).

The more difficult question is whether Plaintiff should be able to pursue emotional damages when he failed to adequately disclose his intent to do so during discovery. Plaintiff has not explained why he did not disclose his intent to seek emotional damages and, instead, maintains that he did, in fact, provide adequate disclosure. The Court disagrees. While Plaintiff need not provide a

6

computation of emotional damages, he must do more than state generally that the involuntary petition caused him "substantial personal embarrassment," "grave harm . . . personally," and that his "personal life has been irreparably devastated, ruined, and destroyed." This is particularly true given that Plaintiff provided detailed descriptions of his other categories of damages [DE 37-1 at 3-8], and the cause of action here is not one for which an assumption is readily made that Plaintiff is claiming emotional damages. Thus, Defendants were entitled to notice.

Even so, in order for Plaintiff to be precluded from presenting evidence of emotional damages, his failure to disclose them during discovery must be deemed harmless. *See* Fed. R. Civ. P. 37(c)(1).[3] Defendants maintain that they will be harmed at trial because they have not had the opportunity to request psychological or medical evaluations of Plaintiff, to obtain Plaintiff's medical records, or to take any other discovery on these issues. However, if Plaintiff is not claiming development or aggravation of a mental disorder, mental disease, or psychological impairment as a result of the filing of the involuntary petition, but instead seeks "garden variety" emotional damages, Defendants were not entitled, during discovery, to either an examination pursuant to Fed. R. Civ. P. 35 or Plaintiff's medical records. *See In re Jolly Roger Cruises & Tours, S.A.*, 2011 U.S. Dist. LEXIS 44143, at *11-*16 (S.D. Fla. April 18, 2011) (finding that a plaintiff who alleges a garden variety claim for emotional distress has not placed her mental condition at issue and, as such, is not subject to an involuntary mental examination) (collecting cases)). In that scenario, Defendants have not identified how they will be harmed if Plaintiff is permitted to present evidence of garden

---

[3] Fed. R. Civ. P. 37(c)(1) provides
If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

7

variety emotional damages at trial. As such, the Court will allow a limited re-deposition of Plaintiff to ascertain the emotional damages claimed and the evidence of those damages, no later than November 9, 2012. If Plaintiff refuses to be deposed, he may not recover emotional damages. Additionally, if Plaintiff testifies that the filing of the involuntary petition triggered or aggravated a psychological condition, the Court will preclude such evidence due to Plaintiff's failure to disclose it during discovery.

### *C. Defendants' Request to Exclude Evidence of Plaintiff's Reputation Damages – GRANTED IN PART AND DENIED IN PART*

Defendants seek to exclude evidence of Plaintiff's alleged damages for injury to reputation. Defendants do not assert that reputation damages are not recoverable under 11 U.S.C. § 303(i)(2). [DE 37 at 2 (acknowledging that loss of reputation damages are "potentially recoverable")]. Instead, Defendants maintain that Plaintiff should not be permitted to pursue these damages because he failed to disclose them in his interrogatories, initial disclosures, and expert's report. Defendants further assert that if Plaintiff can pursue reputation damages, he must prove economic loss to recover these damages. Plaintiff agrees that he must "do more than simply provide evidence of stigma" and that he will provide "concrete examples" of lost business and damage to his good will and his companies' good will that resulted from the involuntary petition and destroyed his reputation. [DE 42 at 3].

The Court will allow evidence concerning damages to Plaintiff's reputation, but not to his companies' lost business opportunities and diminution of goodwill. Plaintiff's responses to the first set of interrogatories [DE 37-1 at 3-4] put Defendants on notice that Plaintiff was claiming reputation damages and, thus, Defendants could have pursued the issue in discovery. Additionally, the Amended Expert Report by Stephen Scherf sets out Plaintiff's claims for loss of reputation and

business opportunities [DE 37-4 at 9-10]. While Mr. Scherf was unable to quantify these damages and Plaintiff did not otherwise provide Defendants with a computation, preclusion under Fed. R. Civ. P. 37(c)(1) is not warranted as Defendants have not identified how they will be harmed at trial by Plaintiff's failure to provide this information.

Moreover, damage to an individual's reputation is distinguishable from that to a corporation's reputation in that a computation of loss of goodwill requires expert testimony and calculations rendering a failure to disclose during discovery harmful. *See Mee Industries v. Dow Chemical Co.*, 608 F.3d 1202, 1222 (11th Cir. 2010) (holding that the district court did not abuse its discretion in finding that a corporation's failure to provide a damage calculation as to the corporation's goodwill was not harmless)). However, damage to an individual's reputation does not necessarily require the input of experts. In fact, in certain types of cases, evidence of economic harm is not required to recover for damage to an individual's reputation. For example, in cases of *per se* defamation under Florida law by a private plaintiff against a non-media defendant, evidence of economic harm is not required to recover for damage to one's reputation. *See Johnson v. Clark*, 484 F. Supp. 2d 1242, 1254 (M.D. Fla. 2007) (*citing Hariss v. Metropolis, Co.*, 160 So. 205, 207 (Fla. 1935) (citations omitted) *aff'd* 294 Fed. Appx. 502 (11th Cir. 2008)). This is because "in libel any language published of a person that tends to degrade him, or to bring him into ill repute, or to destroy the confidence of his neighbors in his integrity, or to cause others like injury, is actionable *per se*." *Hariss*, 160 So. at 207. While there is certainly no presumption of damage in this case, if the jury finds that Defendants acted in bad faith in filing the involuntary petition because 11 U.S.C. § 303(i)(2) requires Plaintiff to show proximate causation between the filing and his damages, an involuntary petition, which accuses someone of not paying his or her debts, would tend to have the

same injurious consequences to the alleged debtor's reputation as a libelous statement. Thus, the Court will not require evidence of economic harm for Plaintiff to recover for damage to his reputation if the jury finds that Defendants filed the petition in bad faith. Even so, Plaintiff must show proximate causation between the filing of the petition and the damage to his reputation.

Plaintiff may not present evidence of loss of business/good will to Plaintiffs' companies from the filing of the involuntary petition. As set forth above, Plaintiff may not recover damages allegedly sustained by third parties, NMI and the limited partnership entities, that occurred as a result of the filing of the involuntary petition.

### D. Defendants' Request to Exclude Evidence of Loss of Insurance Value - RESERVE RULING

Defendants seek to preclude evidence of loss of life insurance value. [DE 46]. Plaintiff maintains that as a result of the filing of the involuntary petition, he lost the right to convert certain term life insurance policies into whole policies and to renew existing term policies. As a result, Plaintiff has been required to pay higher premiums for decreased coverage. [DE 34]. Relying on the deposition testimony of Richard Newman [DE 46-1], Defendants assert that the Trust is both the owner and beneficiary of these life insurance policies [DE 46 at 2]. However, it appears that only every other page of the Newman deposition transcript was scanned into CM/ECF. The Court needs to review the entire deposition transcript before ruling on this issue, but to the extent that the Trust pays the premiums on the policies and is the beneficiary, Plaintiff lacks standing to recover any damages that flow from the life insurance policies.

### E. Conclusion

For the reasons set forth above, it is

ORDERED THAT

(1) Defendants' motion to preclude Plaintiff from recovering damages on behalf of third parties is GRANTED.

(2) The Court RESERVES RULING on Defendants' request to preclude evidence of Plaintiff's emotional damages until after Plaintiff has been deposed on this issue. The deposition must take place on or before **November 9, 2012.**

(3) Defendants' Motion to Exclude Evidence of Plaintiff's Reputation Damages is GRANTED IN PART AND DENIED IN PART. Plaintiff may present evidence of damage to his own reputation, but evidence of damage to the reputations of the third party entities is precluded.

(4) The Court RESERVES RULING on Defendants' motion to exclude evidence of life insurance value until after Defendants file the entirety of the Newman deposition transcript and Plaintiff provides any evidence showing that he paid the premiums on the insurance polices. The parties shall file the supplemental information no later than **October 23, 2012 at 5 p.m.**

DONE and ORDERED in Miami, Florida, this 19th day of October, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record