UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CV-22275-SEITZ

MAURY ROSENBERG,

        Plaintiff,

vs.

DVI RECEIVABLES, XIV, LLC *et al.*,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' REQUEST TO EXCLUDE EVIDENCE OF LOSS LIFE INSURANCE VALUE

THIS MATTER came before the Court upon Defendants' request to exclude evidence of loss of life insurance value because Plaintiff lacks standing to recover these damages and will be unable to prove proximate causation. [DE 46]. Plaintiff opposes the motion and maintains that the statutory language of 11 U.S.C. § 303(i)(2) and precedent in the federal debt collection and consumer rights context permits recovery of loss of life insurance value in this case. [DE 34]. Upon review of the deposition transcript and expert report of Richard Newman [DE 51-1 1-103], the Court will grant Defendants' motion to exclude evidence of loss of life insurance value because Plaintiff lacks standing to recover these damages.

Plaintiff asserts that as a result of the filing of the involuntary petition, neither he nor the Douglas Rosenberg 2004 Trust ("the Trust") could afford to convert a term policy on Plaintiff that carried a $5 million death benefit to a permanent universal life policy. Instead, the Trust could only afford to convert $2 million of term coverage to permanent universal life coverage and allowed the remaining $3 million of coverage to lapse. As a result, Plaintiff asserts, relying on the Newman deposition transcript and report, that the loss to the "Rosenberg family" is the difference between the

cost of obtaining $3 million of life insurance coverage through conversion and the cost of buying $3 million in new term coverage today. [DE 46]. As the parties are aware, the Court recently ruled that Plaintiff cannot recover damages allegedly sustained by third parties, including the Trust, and may recover only for his own injuries. [DE 49]. The Court found that Plaintiff is neither the Trustee nor a beneficiary of the Trust. [*Id.* at 5]. The life insurance policy at issue is owned by the Trust. [DE 51-1 at 41-43, 75]. In fact, Mr. Newman testified that the Trust made the decision not to convert the entire policy to permanent universal life coverage. [DE 51-1 at 38-39]. Additionally, the Trust pays the premiums on the policy and is the beneficiary. [*Id.* at 41-42]. As such, it is the Trust that suffered any alleged damages from loss of life insurance value if bad faith and proximate cause are established.[1] Accordingly, Plaintiff lacks standing to recover for loss of life insurance value as those damages, if proven, were sustained by the Trust. Upon review, it is

ORDERED THAT

Defendants' request to exclude evidence of loss of life insurance value is GRANTED.

DONE AND ORDERED at Miami, Florida, this 26th day of October, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record

---

[1] The Trust is not a party to this lawsuit and cannot be joined as it is not a "debtor" under 11 U.S.C. § 303(i) because the involuntary petition was not filed against it.