UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-22275-SEITZ

MAURY ROSENBERG,
        Plaintiff,
vs.

DVI RECEIVABLES, XIV, LLC *et al.*,
        Defendants.
_____/

## ORDER DENYING RULE 50(B)-RELATED MOTIONS

THIS MATTER is before the Court on Defendants' Renewed Motion for Enlargement of Time to File Rule 50(b) Motion [DE 299] and Defendants' Motion to Treat March 6, 2013 Rule 50(a) Motion as Timely Rule 50(b) Motion [DE 300]. Plaintiff has responded to each motion [DEs 301 & 302], and Defendants have replied [DEs 303 & 304]. For the reasons discussed below, the motions are denied.

## BACKGROUND

In 2010, Plaintiff filed an adversary complaint in the U.S. Bankruptcy Court under 11 U.S.C. § 303(i).[1] In 2012, this Court withdrew the reference to the Bankruptcy Court and proceeded to trial on Plaintiff's § 303(i)(2) claims. [DE 10.] The trial was bifurcated into a liability phase and a damages phase. [DE 108.] At the conclusion of the liability phase, Defendants made an oral Rule

---

[1] 11 U.S.C. § 303(i) provides:

    If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

    (1) against the petitioners and in favor of the debtor for—

        (A) costs; or

        (B) reasonable attorney's fees; or

    (2) against any petitioner that filed the petition in bad faith, for—

        (A) any damages proximately caused by such filing; or

        (B) punitive damages.

50(a) motion ("liability motion"), arguing that Plaintiff failed to prove bad faith. The Court denied the motion and the jury returned a verdict for Plaintiff on liability. [DE 181.] At the conclusion of the damages phase, Defendants filed a second Rule 50(a) motion ("damages motion"), arguing that the evidence did not support an award for punitive damages. [DE 194.] The Court denied the motion [DE 196], and the jury awarded Plaintiff $1.12 million in compensatory damages and $5 million in punitive damages. [DE 198.] Final judgment was entered on March 14, 2013. [DE 208.]

On April 11, 2013—28 days after final judgment—Defendants filed a Rule 50(b) motion, arguing that the evidence did not support a finding of bad faith or an award of punitive damages. [DE 220.] Plaintiff moved to strike the motion because it was filed outside the 14-day filing period under the Bankruptcy Rules.[2] [DE 223.] In response, Defendants filed a motion for an extension of time to file post-trial motions. [DE 231.] The Court denied the motion to strike, concluding that Defendants timely filed within the Federal Rules' 28-day filing period, and denied as moot Defendants' motion for extension of time. [DE 259.] Then, the Court granted Defendants' Rule 50(b) motion and reduced Plaintiff's award to $360,000 in compensatory damages. [DEs 272 & 273.]

On appeal, the Eleventh Circuit reversed this Court's order granting the Rule 50(b) motion. The Court of Appeals held that the Bankruptcy Rules apply to all cases arising under Title 11 and that Defendants' Rule 50(b) motion was untimely under Fed. R. Bankr. P. 9015(c). *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283 (11th Cir. 2016). The Court of Appeals remanded the case with instructions to reinstate the $6.12 million jury award.

DISCUSSION

Defendants now renew their motion for an extension of time to file post-trial motions, arguing that their untimely filing was based on "excusable neglect." Courts employ a four-factor test to find excusable neglect: (1) the risk of prejudice to the other party; (2) the length of the delay and

---

[2] Fed. R. Bankr. P. 9015(c) provides: Rule 50 Fed. R. Civ. P. applies in cases and proceedings, except that any renewed motion for judgment or request for a new trial shall be filed no later than 14 days after the entry of judgment.

its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Services Co. V. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395-96 (1993). However, the Eleventh Circuit has held, as a matter of law, that an "attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998-99 (11th Cir. 1997) (refusing to find excusable neglect in an attorney's "failure to review or to appreciate the relevant rules, which clearly indicate that a party has ten days from the entry of judgment to file . . . post-trial motions"). Here, Defendants concede that they mistakenly believed the Civil Rules' 28-day filing period applied. Unfortunately, such misunderstandings of the law cannot be excusable neglect. *Riney*, 130 F.3d at 998-99.

Defendants attempt to distinguish *Riney*, arguing that the holding is limited to misunderstandings of "clear law" while the instant case involved the misapplication of "two sets of potentially applicable rules." However, the Eleventh Circuit made clear that the "*plain language* of the federal rules–of bankruptcy and civil procedure–requires application of the Federal Bankruptcy Rules in this case." *Rosenberg*, 818 F.3d at 1287 (emphasis added). Given the unambiguous language of the federal rules, *Riney* applies to this case. The motion is denied.

In the alternative, Defendants move the Court to treat their second Rule 50(a) motion—filed on March 6, 2013 in regards to damages—as a timely renewed Rule 50(b) motion attacking the evidence on liability. Defendants' first Rule 50(a) motion attacked the sufficiency of evidence to prove bad faith; their second Rule 50(a) motion made a similar attack on the evidence to award punitive damages. Defendants argue that since the same attack was made in both motions, the purpose of Rule 50 is fulfilled.[3] However, Defendants are essentially asking the Court to disregard

---

[3] The purpose of filing a pre-verdict Rule 50(a) motion before filing a post-verdict Rule 50(b) motion is to ensure that opposing counsel is not "ambushed or sandbagged" with an argument that its evidence was insufficient after its too late to address such insufficiencies. *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004).

the Eleventh Circuit's mandate.

The district court may not deviate from the appellate court's mandate. *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 n.2 (11th Cir. 1984). The district court must implement "both the letter and spirit of the mandate taking into account the appellate court's opinion, and the circumstances it embraces." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985) (internal citations omitted). In addition, although on remand the district court may address issues "not disposed of on appeal, it is bound to follow the appellate court's holding, both expressed and implied." *Id.* Here, the central issue addressed by the Court of Appeals was the timeliness of Defendants actual Rule 50(b) motion. Further, the Court of Appeals expressly recognized that its holding prevents this Court from considering the merits of Defendants' Rule 50(b) motion. *Rosenberg*, 818 F.3d at 1290. On remand, the Court cannot change the procedural history of the case or the nature of Defendants' filings in a way that disregards the clear mandate of the Court of Appeals. Defendants' motion is denied. Accordingly, it is

ORDERED THAT

Defendants' Motion for Enlargement of Time to File Rule 50(b) Motion [DE 299] and Motion to Treat Rule 50(a) Motion as Timely Rule 50(b) Motion [DE 300] are **DENIED**.

DONE AND ORDERED in Miami, Florida, this 5th day of May, 2017

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record