UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-CV-22275-SEITZ

MAURY ROSENBERG,
    Plaintiff,
vs.

DVI RECEIVABLES, XIV, LLC *et al.*,
    Defendants.
_____/

## ORDER DENYING MOTION FOR STAY

THIS MATTER is before the Court on Defendants' Motion for Stay of Execution of Judgment Pending Appeal [DE 310]. Upon review of the Motion, Plaintiff's Response [DE 314], Defendants' Reply [DE 315], and the record, the Court finds that Defendant U.S. Bank is not entitled to a stay under 12 U.S.C. § 91. Nor will the Court exercise its discretion to grant a stay without requiring U.S. Bank to post bond under Fed. R. Civ. P. 62(d).

BACKGROUND

In 2010, Plaintiff filed an adversary complaint in the U.S. Bankruptcy Court under 11 U.S.C. § 303(i). This Court withdrew the reference to the Bankruptcy Court and the case proceeded to trial. [DE 10.] The jury awarded Plaintiff $1.12 million in compensatory damages and $5 million in punitive damages. [DE 198.] Final judgment was entered on March 14, 2013. [DE 208.]

On April 11, 2013—28 days after final judgment—Defendants filed a motion for judgment as a matter of law (JMOL). [DE 220.] Plaintiff moved to strike the motion because it was filed outside the 14-day filing period under the Bankruptcy Rules. [DE 223.] In response, Defendants filed a motion for an extension of time to file post-trial motions and notice of appeal. [DE 231.] The Court denied the motion to strike, concluding that Defendants timely filed within the Civil Rules' 28-day filing period, and denied as moot Defendants' motion for extension of time. [DE 259.] Then, the Court granted Defendants' JMOL motion and reduced Plaintiff's award to $360,000 in

1

compensatory damages. [DEs 272 & 273.]

On appeal, the Eleventh Circuit reversed this Court's order granting the JMOL motion. The Court of Appeals held that the Bankruptcy Rules apply to all cases arising under Title 11 and that Defendants' motion was untimely under Fed. R. Bankr. P. 9015(c). *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283 (11th Cir. 2016). The Court of Appeals remanded the case with instructions to reinstate the $6.12 million jury award. This Court reinstated the jury verdict on May 5, 2017. [DE 309.] Simultaneously, the Court denied Defendants' renewed motion for extension of time to file post-trial motions. [DE 308.]

DISCUSSION

U.S. Bank seeks to confirm that they are entitled to an automatic stay on the execution of judgment under 12 U.S.C. § 91. Section 91 bars courts from issuing an attachment or execution against a national bank prior to final judgment. The parties agree that "final judgment" for purposes of Section 91 means a judgment that is no longer subject to reversal or modification on appeal. *See United States v. Lemaire*, 826 F.2d 387, 390 (5th Cir. 1987). U.S. Bank argues that final judgment has not yet been reached because the order denying Defendants' renewed motion for an extension is still on appeal. The Court disagrees. Final judgment in this case was entered on March 14, 2013. Defendants did not appeal the judgment within 14 days as required by Fed. R. Bankr. P. 8002(a). Nor were Defendants granted an extension on the time to appeal the judgment.[1] Therefore, the judgment became "final" for purposes of Section 91 on March 28, 2013. U.S. Bank is not entitled to an automatic stay.

U.S. Bank also requests this Court exercise its discretion to grant a stay without a supersedeas bond. However, the Court will decline to do so. The purpose of a supersedeas bond is to

---

[1] Defendant's motion for an extension of time based on excusable neglect was denied as moot. [DE 259]. Moreover, had the Court reached the merits of the motion, the extension would have been denied under *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997), where the Eleventh Circuit held, as a matter of law, that an "attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect."

2

preserve the judgment creditor's rights pending appeal. *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("[A] supersedeas bond is a privilege extended to the judgment debtor as a price of interdicting the validity of an order to pay money.").[2] The burden is on the judgment debtor—U.S. Bank—to objectively demonstrate the reasons for a departure from the usual requirement of a full security supersedeas bond. *Id.* (explaining that a full security supersedeas bond is the "usual requirement"). In this case, U.S. Bank provides no objective reason to waive the bond requirement. Nor does U.S. Bank offer Plaintiff any form of substitute security. Instead, U.S. Bank stresses its financial ability to pay the judgment. However, the bank's ability to pay is not a sufficient reason on its own to waive the supersedeas bond.

Accordingly, it is

ORDERED THAT

Defendants' Motion for Stay of Execution of Judgment Pending Appeal and Pending Ruling on Motion for Mutual Judgment Satisfaction [DE 310] is **DENIED**.

DONE AND ORDERED in Miami, Florida, this 15th day of May, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

3