**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 12-CV-22275-SEITZ

MAURY ROSENBERG,
          Plaintiff,
vs.

DVI RECEIVABLES, XIV, LLC *et al.*,
          Defendants.

_____/

## ORDER DENYING RULE 60(b)(6) MOTION

THIS MATTER is before the Court on Defendants' Rule 60(b)(6) Motion [DE 318]. Upon

review of the Motion, Plaintiff's Response [DE 327], Defendants' Reply [DE 328], and the record,

the Court finds that relief under Rule 60(b)(6) is not warranted because Defendants waived their due

process argument when they untimely filed their motion for judgment as a matter of law.

### BACKGROUND

In 2010, Plaintiff filed an adversary complaint in the U.S. Bankruptcy Court under 11 U.S.C.

§ 303(i). This Court withdrew the reference to the Bankruptcy Court and the case proceeded to trial.

[DE 10.] The jury awarded Plaintiff $1.12 million in compensatory damages and $5 million in

punitive damages. [DE 198.] Final judgment was entered on March 14, 2013. [DE 208.]

On April 11, 2013—28 days after final judgment—Defendants filed a motion for judgment

as a matter of law (JMOL). [DE 220.] Defendants argued in their motion that the evidence was

insufficient to support an award of punitive damages and that the amount of punitive damages was

unconstitutionally excessive. *Id.* Plaintiff moved to strike the motion because it was filed outside the

14-day filing period under the Bankruptcy Rules. [DE 223.] The Court concluded that Defendants'

motion was timely under the Civil Rules' 28-day filing period [DE 259] and granted the motion,

reducing Plaintiff's award to $360,000 in compensatory damages. [DEs 272 & 273.]

On appeal, the Eleventh Circuit reversed this Court's order granting the JMOL motion. The

Court of Appeals held that the Bankruptcy Rules apply to all cases arising under Title 11 and that

1

Defendants' JMOL motion was untimely under Fed. R. Bankr. P. 9015(c). *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283 (11th Cir. 2016). The Court of Appeals remanded the case with instructions to reinstate the $6.12 million jury award. This Court reinstated the jury verdict on May 5, 2017. [DE 309.]

## DISCUSSION

Defendants seek relief pursuant to Federal Rule 60(b)(6) from this Court's Order reinstating the jury verdict. Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). Even then, whether to grant the requested relief is a matter for the district court's sound discretion. *Id.*

Defendants argue that the reinstated punitive damages award is unconstitutionally excessive and that the Court's failure to review the award violates due process. However, Defendants raised this very same challenge to the punitive damages award in their JMOL motion. The Eleventh Circuit held that the motion was untimely under Fed. R. Bankr. P. 9015(c) and should have been denied. Therefore, Defendants waived their opportunity for judicial review of the award when they failed to timely raise the issue in their JMOL motion. Because Defendants failed to timely challenge the punitive damages award, no extraordinary circumstances exist to justify relief under Rule 60(b)(6). Accordingly, it is

ORDERED THAT

Defendants' Rule 60(b)(6) Motion [DE 318] is **DENIED**.

DONE AND ORDERED in Miami, Florida, this _31st_ day of July, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:      Counsel of Record